UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-RSR

STEPHEN SENECA,

     Plaintiff,

v.

JBI, INC., *et al.*,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, JBI, Inc. ("JBI") and John Bordynuik ("Bordynuik"; JBI and Bordynuik are collectively referred to as "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6) and (f) and S.D. Fla. L.R. 7.1(a)(1), move for an order dismissing the Complaint filed by Plaintiff, Stephen Seneca. In support, Defendants rely on the following memorandum of law.

## INTRODUCTION

Plaintiff, Stephen Seneca, cannot state a claim against Defendants for violation of Fla. Stat. § 678.4011, because: (1) JBI's duty with respect to register transfer of stock is governed by Nevada law, the law of JBI's state of incorporation, and any claim by Plaintiff against JBI under Nevada's analogous Uniform Commercial Code provision (Nev. Rev. Stat. § 104.8401) would be barred by the three year statute of limitations for such claims under Nevada law; (2) Plaintiff did not satisfy all conditions precedent to registration under Fla. Stat. § 678.4011 or Nev. Rev. Stat. § 104.8401 because he failed to obtain an opinion of counsel establishing that the registration was "in fact rightful"; and (3) Bordynuik is not an "issuer" as required for the imposition of liability under either the Florida or Nevada statute.

Plaintiff fails to state a breach of fiduciary duty claim against Bordynuik because under the internal affairs doctrine, Nevada law applies to such a claim and imposes a three year statute of limitations.  Plaintiff's breach of fiduciary duty and negligence claims against Bordynuik independently fail because under either Florida or Nevada law, in the absence of particularized allegations of intentional misconduct, fraud, or a knowing violation of law, Bordynuik is insulated from monetary liability for breaches of the duty of care arising from actions taken by Bordynuik as an officer of JBI.

Plaintiff fails to state a claim against Defendants for fraud because: (1) the representation made to Plaintiff regarding the date on which he would first be able to register his shares was a statement of opinion and not a statement of material fact; (2) Plaintiff by his own allegations did not (and could not have) justifiably relied on Defendants' representation regarding same; (3) such a claim is barred under the applicable statute of limitations; and (4) Plaintiff fails to satisfy Rule 9(b)'s heightened pleading standard for fraud.  Plaintiff's claims against JBI for information negligently supplied for the guidance of others pursuant to the Restatement (Second) of Torts § 552 and common law negligent misrepresentation are redundant and fail in the absence of a misrepresentation of material fact by JBI or justifiable reliance by Plaintiff.  All of Plaintiff's common law claims are also preempted by either Fla. Stat. § 678.4011 or Nev. Rev. Stat. § 104.8401 under UCC displacement principles, subjecting them to dismissal.

Plaintiff's breach of contract claim is barred under the doctrine of *in pari delicto* based on Plaintiff's own fraud in procuring the contract.

And, to the extent Plaintiff fails to state actionable claims for violation of the UCC provision relating to registration of transfers, breach of fiduciary duty, negligence, negligent

misrepresentation, or fraudulent misrepresentation, Plaintiff lacks an underlying actionable wrong on which to pin the civil conspiracy claim against Defendants.

## ALLEGATIONS OF THE COMPLAINT

On or about September 30, 2009, pursuant to an agreement between JBI, non-party Pak-It, LLC, and Plaintiff (among others), Plaintiff acquired 151,563 shares of JBI common stock. Compl. ¶¶ 9-10.  On or about February 3, 2010, Plaintiff acquired an additional 137,500 shares of JBI common stock.  *Id*. at ¶ 11.  The stock certificates reflecting Plaintiff's 298,063 shares bore a restrictive legend noting that the shares had not been registered under federal or state law and, as a result, restricting the offering for sale, sale, transfer, or assignment of the shares "UNLESS THE COMPANY HAS ***RECEIVED*** AN OPINION OF COUNSEL WHICH IS SATISFACTORY TO THE COMPANY, TO THE EFFECT THAT SUCH REGISTRATIONS ARE NOT REQUIRED."  *Id*. at ¶¶ 12-13 (emphasis added).

In May 2010, Plaintiff contacted JBI and "requested that JBI have an opinion letter issued to remove the restrictive legend."  *Id*. at ¶ 17.  JBI's counsel, however, opined that, under his interpretation of SEC Rule 144, the restrictive legend could not be removed until August 2010.  *Id*.  In the interim, JBI did not timely file its first quarter 10-Q by May 25, 2010 and was added to a list of "Filing Delinquent Companies" by the Over the Counter Bulletin Board until it filed its first quarter 10-Q on July 16, 2010.  *Id*. at ¶¶ 41-44.

Based on the foregoing, Plaintiff's complaint contains eight causes of action: (1) violation of Fla. Stat. § 678.4011 against JBI and Bordynuik; (2) breach of fiduciary duty against Bordynuik; (3) negligence against Bordynuik; (4) fraudulent misrepresentation against JBI and Bordynuik; (5) negligent misrepresentation pursuant to the Restatement (Second) of Torts § 552

against JBI; (6) common law negligent misrepresentation against JBI; (7) breach of contract

against JBI; and (8) civil conspiracy against JBI and Bordynuik.

## LEGAL STANDARD

The Supreme Court recently reiterated the standard this Court must apply when addressing

a motion to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . .
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .
>
> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. . . .
>
> Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 1954 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127

S. Ct. 1955 (2007); internal quotes omitted); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297

F.3d 1182, 1188 (11th Cir. 2002).

## MEMORANDUM OF LAW

**I.  PLAINTIFF'S UCC, BREACH OF FIDUCIARY DUTY, AND FRAUD CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

Statutes of limitations "supply 'substantive law' in diversity suits" such as the instant

action.  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 455-56 (2010);

Compl. ¶ 6 ("This Court has diversity jurisdiction").  "[A] Rule 12(b)(6) dismissal is appropriate

only if it is apparent from the face of the complaint that the claim is time barred."  *La Grasta v.*

*First Union Secs., Inc.*, 358 F.3d 840, 845-46 (11th Cir. 2004) (internal quotations omitted).

Under Fla. Stat. § 678.1011(1)(b) "[t]he local law of the issuer's jurisdiction … governs [t]he rights and duties of the issuer with respect to registration of transfer."   Fla. Stat. § 678.4011(1)(b).  "Issuer's jurisdiction," in turn, "means the jurisdiction under which the issuer of the security is organized."   JBI, the issuer of Plaintiff's investment securities, is a Nevada corporation.  Compl. ¶ 2.

While Nevada has adopted Nev. Rev. Stat. § 104.8401, a UCC provision substantively identical to Fla. Stat. § 678.4011, unlike Florida, Nevada imposes a three year statute of limitations for such a statutory claim.  *See* Nev. Rev. Stat. § 11.190(3)(a).

In *Barbara v. Marinemax, Inc.*, No. 12-CV-0368, 2012 WL 6025604 (E.D.N.Y. Dec. 4, 2012), restricted shareholder plaintiffs asserted a claim against an issuer defendant and its corporate officers for violation of Del. Code. Ann. tit. 6, § 8-401, a UCC provision substantively identical to Nev. Rev. Stat. § 104.8401.  2012 WL 6025604, at *5-6.  The plaintiffs' claim was subject to Delaware's three year statute of limitations for statutory causes of action.  *Id.* at *6.  The plaintiffs alleged in the complaint that "as of April 1, 2007, they had met all requirements necessary to have the Rule 144 restrictive legend removed from their common stock."  *Id.* (internal annotations omitted).  The defendants maintained that the plaintiffs' cause of action therefore accrued on April 1, 2007, "the date on which, in plaintiffs' words, 'the restrictions on the stock could have and should have been lifted.'"  *Id.*

The court noted that under Delaware law the plaintiffs' claim accrued at the time of the wrongful act (which is consistent with Nevada law).  *Id.*; *see Dreyer-Lefevre v. Morissette*, No. 56653, 2011 WL 2623955, at *1 (Nev. July 1, 2011) ("a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought").  It reasoned that under the applicable statute upon the issuer's refusal to lift the restrictions on the transfer of the plaintiffs'

shares on April 1, 2007, "[o]n that day plaintiffs could have sought an injunction under the statute to compel [the issuer] to lift the restrictions" (which is also consistent with Nevada law providing for injunctive relief upon an issuer's refusal to register transfer of stock). *Barbara*, 2012 WL 6025604, at *7; *see* Nev. Rev. Stat. § 104.8401 cmt. 2 (stating that the person entitled to registration may compel registration or seek damages). The court, therefore, found that the plaintiffs' claim accrued on April 1, 2007 and was barred by the statute of limitations for failure to bring suit by April 1, 2010. *Barbara*, 2012 WL 6025604, at *8.

Under Florida's internal affairs doctrine, the substantive law of Nevada also applies to Plaintiff's claim for breach of fiduciary duty against Bordynuik and for fraud against Bordynuik and JBI. *See* Fla. Stat. § 607.1505(3); *100079 Canada, Inc. v. Steifel Labs., Inc.*, --- F. Supp. 2d ----, 2013 WL 3189050, at *10, n. 5-6 (S.D. Fla. June 21, 2013) (applying Delaware law to claims for breach of fiduciary duty, fraudulent misrepresentation, and negligent misrepresentation based on internal affairs doctrine); *Banco Industrial de Venezuela C.A. v. De Saad*, 68 So. 3d 895, 898 (Fla. 2011). Nevada law imposes a three year statute of limitations for fraud and breach of fiduciary duty actions. Nev. Rev. Stat. § 11.190(3)(d); *Shupe v. Ham*, 639 P.2d 540, 542 (Nev. 1982) ("A breach of fiduciary duty is a fraud giving rise to the application of the three year statute of limitations."). For purposes of the statute of limitations, a fraud or breach of fiduciary duty claim accrues "upon the discovery by the aggrieved party of the facts constituting the fraud [or breach of fiduciary duty]." Nev. Rev. Stat. § 11.190(3)(d).

The allegations supporting Plaintiff's claims under Fla. Stat. § 678.4011 (or Nevada's identical UCC provision), for breach of fiduciary duty, and for fraud are based on the same operative facts, and are analogous to the allegations of the restricted shareholder plaintiffs' complaint in *Barbara*. As of May 2010 Plaintiff knew (or should have known based on publicly

available information) that he was entitled to have the restrictive legend removed from his shares and was immediately damaged by the failure to remove the restrictive legend. *E.g.,* Compl. ¶¶ 17, 37, 40. As of July 2010 JBI's stock price declined because JBI failed to timely file its 2010 first quarter 10-Q, causing Plaintiff further damages. *Id.* at ¶ 44. And, as a result of a decrease of almost $5.00 per share to a price of $.75, as of August 10, 2010, Plaintiff "ha[d] been damaged in excess of one million dollars." *Id.* at ¶ 47.[1]  Plaintiff's UCC, breach of fiduciary duty, and fraud claims therefore accrued as early as May 1, 2010, but no later than August 10, 2010.

Plaintiff, however, did not file the complaint in this action until August 20, 2013 — more than three years after the last possible day on which his claims accrued, and more than 40 months after he first knew that the restrictive legend on his shares would not be removed and became entitled to seek relief. Plaintiff's UCC, breach of fiduciary duty, and fraud claims are thus barred by the statute of limitations and should be dismissed with prejudice. Nev. Rev. Stat. § 11.190(3)(a), (d).

## II. PLAINTIFF FAILS TO STATE A UCC CLAIM AGAINST DEFENDANTS UNDER EITHER FLORIDA OR NEVADA LAW.

Florida and Nevada law impose a duty on an issuer of investment securities to register transfer of an uncertificated security upon request if seven conditions precedent are satisfied. Fla. Stat. § 678.4011(1)(a)-(g); Nev. Rev. Stat. § 104.8401(1)(a)-(g). Of particular importance here, the transfer must be "rightful in fact." Fla. Stat. § 678.4011(1)(g); Nev. Rev. Stat. § 104.8401(1)(g). "A failure to meet any one of [the conditions] means that the issuer … had no

---

[1] Although Plaintiff is intentionally vague regarding the date on which JBI's stock price reached $.75 per share, the Court can take judicial notice of JBI's stock price, which first reached $.75 per share on August 10, 2010. *See* NASDAQ Interactive Stock Chart for JBI for period of August 1, 2010 through August 31, 2010, attached as Exhibit 1.

duty to register transfer of shares." *Dickson v. Chasemellon S'holder Servs., LLC*, 123 F. App'x 788, 789 (9th Cir. 2005) (affirming judgment finding no liability for failure to register transfer). "[A] corporation may refuse to register a transfer of stock when it has reasonable grounds for doing so, but it must act in good faith and present some adequate reason for its refusal, and support such refusal by evidence." *Kanton v. United States Plastics, Inc.*, 248 F. Supp. 353, 362 (D.N.J. 1965); *Travis Invest. Co. v. Harwyn Publ'g Corp.*, 288 F. Supp. 519, 526 (S.D.N.Y. 1968) (an issuer "could refuse to register the shares upon presentation if it had reasonable grounds for doing so"); *Loretto Literary Benevolent Inst. v. Blue Diamond Coal Co.*, No. CIV.A. 5980, 1980 WL 268060, at *2 (Del. Ch. 1980) ("A refusal is not wrongful, however, if the issuer can point to a reasonable grounds for his refusal to transfer.").

In *Kolber v. Body Central Corp.*, No. 11-731-RGA, 2012 WL 3095324 (D. Del. July 30, 2012), holders of common stock containing a restrictive legend initiated an action against a corporation and its general counsel seeking to recover the losses from a purported delay in issuing an opinion of counsel and registering the restricted shares. The shareholders asserted, among other things, a claim under Del. Code. Ann. tit. 6, § 8-401 (which is substantively identical to the UCC provision reflected in Fla. Stat. § 678.4011 and Nev. Rev. Stat. § 104.8401). 2012 WL 3095324, at *2, 4-5. The court found that the shareholders' statutory claim failed because "the restrictive legend only required that a Rule 144 opinion be issued by counsel, ***not necessarily [the issuer's] counsel***." *Compare Id*. at *2 (emphasis added) *with Bender v. Memory Metals, Inc.*, 514 A.2d 1109, 1116 (Del. Ch. 1986) (finding issuer, whose counsel opined that registration was inappropriate, liable for failure to register transfer after receiving satisfactory opinion from shareholder's counsel) *and Burtman v. Technical Chem. & Prods., Inc.*, 724 So. 2d 672, 674-75 (Fla. 4th  DCA 1999) (citing *Bender* and  holding that shareholder stated a cause of

action for failure to register transfer by alleging that notwithstanding the provision of an opinion of shareholder's counsel, issuer refused to register transfer).

In *Kenler v. Canal Nat'l Bank*, 489 F.2d 482 (1st Cir. 1973), the First Circuit Court of Appeals held that as a result of the shareholder plaintiff's failure to furnish to the issuer an opinion of counsel as required by the restrictive legend on the plaintiff's stock certificates "the requested transfer may not be said to be rightful":

> The obvious purpose behind the restrictive legends' requirement of an opinion of counsel is to provide maximum protection to the corporation from potential liability …. [T]he necessary protections are fully provided where the opinion is rendered by competent private counsel.  Because experienced legal counsel can be expected to be fully aware of the requirements that must be met in order to safely transfer restricted stock without registration, and, accordingly, to appropriately investigate the particular circumstances of his stockholder-client, the corporation is in a much better position to rely on the accuracy and correctness of an opinion rendered by such counsel. … Therefore, since no appropriate opinion of counsel was, in fact, tendered by the [shareholders], their requests for transfer were not 'rightful,' and consequently the [issuer] had no duty under the UCC to remove the legends and issue new unrestricted certificates.

489 F.2d at 486-87.

The restrictive legend on Plaintiff's stock certificates unambiguously states that the restrictive legend cannot be removed unless and until "THE COMPANY HAS **RECEIVED** AN OPINION OF COUNSEL WHICH IS SATISFACTORY TO THE COMPANY" that it is rightful.  *See* Compl. ¶ 12-13 (emphasis added).  Notwithstanding, Plaintiff admits that when JBI's counsel opined in May 2010, based on his interpretation of SEC Rule 144, that the restrictive legend could not be removed from Plaintiff's stock certificates until August 2010, he did not attempt to obtain or supply to JBI an opinion of counsel indicating that the request to

register transfer of the shares was "rightful in fact." *See, e.g., id.* at ¶¶ 17, 70 ("Seneca was forced to rely and act upon the statements because the restrictive legend on the Share expressly required JBI's authorization").

As with the shareholder plaintiff's UCC claim in *Kolber*, Plaintiff's UCC claim fails under either Florida or Nevada law because "the restrictive legend only required that a Rule 144 opinion be issued by counsel, ***not necessarily [the issuer's] counsel***" and Plaintiff concedes that he neither obtained nor supplied to JBI the required opinion of counsel. *Kolber*, 2012 WL 3095324, at *2.

Plaintiff's UCC claim independently fails as to Bordynuik because Bordynuik was not an "issuer" for purposes of UCC liability. An "issuer is the person responsible for the performance of the obligations represented by a security. This is usually the enterprise that places its name on the security certificate …." *Moscato v. Tie Techs., Inc.*, No. 04 Civ 2487, 2005 WL 146806, at *4 (S.D.N.Y. Jan. 21, 2005) (dismissing individual defendant). The Court should therefore dismiss Plaintiff's UCC claim against Defendants with prejudice.

## III.   THE UCC PROVISION AT ISSUE DISPLACES COMMON LAW CLAIMS FOR DAMAGES ARISING FROM A DELAY IN REMOVING OR FAILURE TO REMOVE A RESTRICTIVE LEGEND.

Plaintiff asserts common law breach of fiduciary duty, negligence, and fraud claims against Defendants seeking to recover damages for the delay in registering or failure to register transfer of Plaintiff's stock. Pursuant to Fla. Stat. § 671.103 and Nev. Rev. Stat. § 104.1103, certain UCC provisions preempt common law claims. Fla. Stat. § 671.103; Nev. Rev. Stat. § 104.1103.[2] "The concept of 'displacement' allows the Code to abrogate common law rules

---

[2] Defendants have been unable to identify any Nevada case law discussing the UCC's displacement of common law claims. Notwithstanding, federal courts in Nevada have regularly looked to the interpretations of other jurisdictions in evaluating whether a common law claim is

without requiring unequivocal, explicit reference to the common law in each statutory section that effects a modification." *Burtman*, 724 So. 2d at 676 (holding that prior version of Fla. Stat. § 678.4011 displaced the common law rule that injunctive relief and monetary damages are mutually exclusive); *see also Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So. 2d 967, 970-71 (Fla. 3d DCA 1998) (finding that UCC provision imposing duties relating to wire transfers, but that did not unequivocally state that it changes the common law, abrogated the common law claim for negligence relating to a wire transfer).

Although Defendants have been unable to identify any cases applying Florida law or Nevada law and evaluating whether the subject UCC provision precludes common law claims for failure to remove a restrictive legend, at least two federal district courts and one state court have reached this conclusion.  In *Kolber*, relying on UCC § 1-103, the Delaware district court found that the shareholders' claim for negligence was based on the same statutory duty set forth in the applicable UCC provision and therefore "displaced any common law claim for negligence."  2012 WL 3095324, at *4; *see also Kolber v. Body Central Corp.*, No. 11-731-RGA, 2013 WL 5292050 (D. Del. Sept. 18, 2013) (dismissing amended complaint with prejudice on the same bases).  In *Ajjarapu v. AE Biofuels, Inc.*, 728 F. Supp. 2d 1154 (D. Colo. 2010), relying on *Clancy Sys. Int'l, Inc. v. Salazar*, 177 P.3d 1235 (Colo. 2008), the Colorado district court similarly found that the UCC barred shareholders' breach of fiduciary claim.  728 F. Supp. 2d at 1164.  Because Florida's and Nevada's relevant UCC provisions are substantively identical to Delaware's and Colorado's, and Plaintiff is asserting claims for breach of fiduciary duty,

---

displaced by the UCC.  *See, e.g., In re Phillips*, 491 B.R. 255, 263 (Bankr. D. Nev. 2013) (citing and relying on, among other authorities, *Georg v. Metro Fixtures Contractors, Inc.*, 178 P.3d 1209, 1213-14 (Colo. 2008)).

negligence, and fraud related to the delay or failure in removing the restrictive legend, these claims are subject to dismissal based on the UCC displacement doctrine.

## IV.   PLAINTIFF FAILS TO STATE CLAIMS AGAINST BORDYNUIK FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE.

Plaintiff's fiduciary duty and negligence claims against Bordynuik in his capacity as an officer of JBI are also barred by Nevada's statutory limitation of an officer's or director's potential liability for money damages to a shareholder.  "[A] director or officer is not individually liable to the corporation or its stockholders or creditors for any damages as a result of any act or failure to act in his or her capacity as a director or officer unless it is proven that: (a) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and (b) The breach of those duties involved intentional misconduct, fraud or a knowing violation of law."  Nev. Rev. Stat. § 78.138(7).

To state a breach of fiduciary duty or negligence claim for money damages against Bordynuik, Plaintiff was required to "allege that the defendant engaged in 'intentional misconduct, fraud or a knowing violation of law'" and to satisfy the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b).  *See Louisiana Mun. Police Employees Ret. Sys. v. Wynn*, No. 2:12–CV–509 JCM, 2013 WL 431339, at *6, n.8 (D. Nev. Feb. 1, 2013); *Rapaport v. Soffer*, No. 2:10–cv–935–MMD–RJJ, 2012 WL 252206, at *5 (D. Nev. June 29, 2012) (requiring that such a claim satisfy the heightened pleading standard for fraud); *In re Amerco Derivative Litig.*, 252 P.3d 681, 700-01 (Nev. 2011) (same). "A mere conclusory allegation which asserts fraud without a description of the fraudulent conduct will not fulfill Rule 9(b)."  *United States v. Magellan Health Servs., Inc.*, 74 F. Supp. 2d 1201, 1215 (M.D. Fla. 1999).  To satisfy Rule 9(b) the complaint must allege the following:

(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making or, in the case of omissions, not making same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascae Int'l, Inc.,* 246 F. 3d 1194, 1202 (11th Cir. 2001).  Pleading with particularity protects a defendant from spurious accusations of immoral and fraudulent behaviors and prevents fishing expeditions to uncover moral wrongs. *See Magellan Health Servs.*, 74 F. Supp. 2d at 1215.

In support of these claims, however, Plaintiff fails to allege ultimate facts showing that Bordynuik in his capacity as an officer of JBI engaged in intentional misconduct, fraud, or a knowing violation of law.  *See, e.g.,* Compl. ¶ 40 ("Bordynuik improperly delayed and denied the legend's removal from the Shares for many months").  In fact, the crux of these claims is that Bordynuik failed to cause JBI or its attorney to issue a letter to JBI's transfer agent, preventing the timely removal of the restrictive legend from Plaintiff's shares.  *Id*. at ¶¶ 56, 62.  However, in the absence of a duty on Bordynuik to have issued an opinion of counsel satisfactory to Plaintiff (*see supra* at § II) or an actionable misrepresentation regarding the date on which the restrictive legend on Plaintiff's shares could be removed (*see infra* at § V), Plaintiff has not satisfied (and cannot satisfy) the requirements to plead a fiduciary duty or negligence claim for money damages against Bordynuik, and the Court should dismiss these claims with prejudice.[3]

---

[3] Applying Florida law would not alter the outcome.  Florida law likewise exculpates directors from liability for due care breaches.  Fla. Stat. § 607.0831(1) (providing that directors are not liable for damages absent circumstances similar to those identified in Nev. Rev. Stat. § 78.138(7)).

**V.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS FOR FRAUDULENT MISREPRESENTATION AND FAILS TO STATE A CAUSE OF ACTION AGAINST JBI FOR NEGLIGENT MISREPRESENTATION.**

A misrepresentation of material fact and justifiable reliance are indispensable elements of Plaintiff's claim against Defendants for fraudulent misrepresentation and Plaintiff's claim against JBI for negligent misrepresentation under either Florida or Nevada law.[4]   *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 957-58 (Nev. 1998) (stating that the elements of a fraudulent misrepresentation claim are: "(1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance"); *Foster v. Dingwall*, 227 P.3d 1042, 1052 (Nev. 2010) ("one who without exercising reasonable care or competence, supplies false information for the guidance of others in their business transactions is liable for pecuniary loss caused to them by their justifiable reliance upon the information"); *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (identifying false statement concerning a material fact and justifiable reliance as necessary elements for both fraudulent misrepresentation and negligent misrepresentation claim where a plaintiff has reason to know the statement is false); *see also Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 339 (Fla. 1997) (adopting the Restatement (Second) of Torts § 552 position on negligent misrepresentation).

---

[4] Under Nevada law, the elements of common negligent misrepresentation are based exclusively on the Restatement (Second) of Torts § 552, which is not an independent basis for liability.  *See, e.g., In re Agribiotech, Inc.*, 291 F. Supp. 2d 1186, 1188-89 (D. Nev. 2003) ("Nevada has adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation."). The Court should therefore strike Plaintiff's redundant common law negligent misrepresentation claim.  *See* Fed. R. Civ. P. 12(f) (authorizing the striking of redundant matter in pleadings).

Plaintiff, however, cannot adequately plead (and has not adequately pled) a false representation of material fact or justifiable reliance, even under the lesser pleading standard applicable to negligence claims, as opposed to Rule 9(b)'s heightened pleading standard for fraud, which requires Plaintiff to allege the who, what, when, where, why, and how of any alleged fraudulent misrepresentation.  *See Magellan Health Servs.*, 74 F. Supp. 2d at 1215.

The distinction drawn by the court in *Remco Dev. Corp. v. 499 Corp.*, 992 So. 2d 431 (Fla. 4th DCA 2008) between an actionable false representation of material fact and a statement of opinion that is not actionable is instructive.  In *Remco*, the parties entered into a real estate contract providing the buyer a 45 day due diligence period.  992 So. 2d at 432-33.  The sellers hired a title agent to provide title insurance.  *Id*. at 433.  The title agent sent a letter to the buyer providing the date it believed the due diligence period expired and the basis for its calculation. *Id*.  The buyer "relied on this letter [from the sellers' title agent] and assumed it changed the due diligence period from what was provided in the original contract."  *Id*.  Before the due diligence expiration date in the title agent's letter, the buyer terminated the contract and requested that the sellers return the deposit.  *Id*.  "[H]owever, the sellers took the position that the due diligence period had expired."  *Id*.  The buyer then asserted a negligent misrepresentation claim against the sellers' title agent under the Restatement (Second) of Torts § 552.  *Id*. at 433-34.

The court held that the title agent's letter "[did] not contain 'false information,' but rather the expression of a belief as to when the due diligence period expire[d] …."  *Id*. at 434.  The title agent's calculation of the end of the due diligence period was an "opinion" and not false factual information, such as a financial statement that overstates assets.  *Id*.  The title agent was, therefore, entitled to summary judgment on the buyer's negligence claim.  *Id*.

As in *Remco*, JBI's statements regarding the date on which the restrictive legend on Plaintiff's shares could be removed were an opinion and not false factual information.  *See id.*; Compl. ¶ 17.  In fact, as in *Remco*, JBI provided both a calculation of the date at issue and the basis for its calculation.  *See Remco*, 992 So. 2d at 433; Compl. ¶ 17.  As in *Remco*, therefore, regardless of Plaintiff's contention that the date calculated was incorrect and that he relied on that opinion, Plaintiff's claims against JBI arising from JBI's or its counsel's opinion regarding the expiration of the restricted period is not actionable as a fraudulent or negligent misrepresentation.

Plaintiff's allegations of justifiable reliance (*e.g.,* Compl. ¶¶ 80, 83) are also insufficient as a matter of law.  Reliance cannot be established to support an action for fraudulent or negligent misrepresentation if the plaintiff does not believe the representation to be true — as Plaintiff suggests he did not based on information in JBI's publicly available securities filings. *See Morris v. Ingraffia*, 18 So. 2d 1, 3 (Fla. 1944) (holding that reliance on a representation known to be untrue is unjustified); *Kashner Davidson Secs. Corp. v. Desrosiers*, 689 So. 2d 1106, 1107 (Fla. 2d DCA 1997) (holding that reliance by a sophisticated investor is particularly unreasonable); *see also* Compl. ¶¶ 18-31, 70, Ex. 1 at § 4.4 ("Seneca was forced to rely and act upon the statements because the restrictive legend on the Shares expressly required JBI's authorization for it to be removed"; representing in contract between Plaintiff and JBI that Plaintiff is an experienced investor); *cf. Dancey Co. v. Borg-Warner Corp.*, 799 F.2d 717, 720 (11th Cir. 1986) (reversing directed verdict on fraudulent misrepresentation claim in favor of the defendant where the plaintiff "was not equipped to verify [the defendant's claims], and was forced to rely upon [the defendant's] representations").  The Court should therefore dismiss with prejudice Plaintiff's fraudulent and negligent misrepresentation claims.

## VI.     PLAINTIFF'S CAUSE OF ACTION AGAINST JBI FOR BREACH OF CONTRACT IS BARRED AS A RESULT OF PLAINTIFF'S FRAUD IN PROCURING THE CONTRACT.

Plaintiff's breach of contract claim is governed by Nevada law.  Section 8.6 of the Unit Purchase and Exchange Agreement provides that "[t]his Agreement shall in all respects be governed by and construed in accordance with the laws of the State of Nevada." Compl. ¶ 9, Ex. 1 at § 8.6.   Under Florida law, such contractual choice of law provisions are enforceable. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000).

Under Nevada law, the doctrine of *in pari delicto* "provides that in case of equal fault the condition of the party defending is the better one."  *USACM Liquidating Trust v. Deloitte & Touche, LLP*, 764 F. Supp. 2d 1210, 1229 (9th Cir. 2011).   The underlying principle is that a plaintiff should not be permitted to profit from his own fraud.  *Id.*  Courts therefore "should not become involved in resolving disputes among wrongdoers, but instead should leave them where their own wrongdoing has left them."  *Id.; see also Kent. v. Mindlin*, 52 F.3d 333, n.2 (9th Cir. 1995) (noting applicability of *in pari delicto* doctrine to claims for breach of contract); *In re Amerco Derivative Litig.*, 252 P.3d at 692 (accepting without discussion propriety of asserting *in pari delicto* doctrine in a motion to dismiss).

In a related suit, Plaintiff alleges that at least one of the assets purchased by JBI pursuant to the Unit Purchase and Exchange Agreement (a certain patent), is void or unenforceable as a result of a fraud perpetrated on the U.S. Patent and Trademark Office prior to the sale of the patent to JBI.[5]  Notwithstanding the failure to disclose to JBI the potential unenforceability of the

---

[5] The Court can take judicial notice of the allegations of Plaintiff's amended counterclaim and third-party complaint in *Big 3 Packaging, LLC v. Seneca, et al.*, No. 12-cv-05806-PBT (E.D. Pa. Aug. 2, 2013), attached as Exhibit 2.  In certain circumstances, "factual assertions in pleadings ... are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983).

patent prior to entering into the Unit Purchase and Exchange Agreement, through this action Plaintiff seeks to profit from his own fraud by obtaining from JBI damages for breach of the Unit Purchase and Exchange Agreement.  The Court should therefore refuse to enforce the Unit Purchase and Exchange Agreement in favor of Plaintiff under the *in pari delicto* doctrine, and should dismiss with prejudice Plaintiff's claim for breach of contract.

## VII.    PLAINTIFF FAILS TO STATE A CIVIL CONSPIRACY CLAIM AGAINST DEFENDANTS.

"A cause of action for civil conspiracy exists ... only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person."  *Rivers v. Dillards Dept. Store, Inc*., 698 So. 2d 1328, 1333 (Fla. 1st DCA 1997); *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997); *Eikelberger v. Tolotti*, 611 P.2d 1086, 1090 (Nev. 1980) (holding that cause of action for civil conspiracy must be based on actionable underlying claim).  As indicated above, Plaintiff fails to (and cannot as a matter of law) state a claim for either violation of the UCC, breach of fiduciary duty, negligence, negligent misrepresentation, or fraudulent misrepresentation.  The Court should accordingly dismiss with prejudice Plaintiff's civil conspiracy claim.

<u>CONCLUSION</u>

Plaintiff fails state claims against Defendants for violation of the UCC, breach of fiduciary duty, negligence, fraudulent misrepresentation, negligent misrepresentation, breach of contract, and civil conspiracy, and this Court should dismiss with prejudice each count of Plaintiff's complaint.

Respectfully submitted,

Dated:  October 31, 2013

*s/      Gregory M. Cesarano*
Gregory M. Cesarano (217761)
E-mail: gcesarano@carltonfields.com
Avi R. Kaufman (84382)
E-mail: akaufman@carltonfields.com
CARLTON FIELDS, P.A.
100 SE Second Street, Suite 4200
Miami Tower
Miami, Florida  33131
Telephone:     (305) 530-0050
Facsimile:      (305) 530-0055

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, by electronically filing it with the Clerk of the Court using CM/ECF on October 31, 2013, on all counsel or parties of record on the Service List below.

*s/      Gregory M. Cesarano*

## SERVICE LIST

Michael D. Heidt, Esq.
E-mail: mheidt@aol.com
Law Office of Gable and Heidt
4000 Hollywood Boulevard
Suite 735 South
Hollywood, Florida 33021
Tel: 954-966-2501
Fax: 954-964-2294

*Attorneys for Plaintiff*
*(via electronic filing)*

Rebecca A. Fuller, Esq.
E-mail: rfuller@fullerlawpractice.com
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266

*Attorneys for Plaintiff*
*(via electronic filing)*