IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 0:13-cv-61809-RSR

STEPHEN SENECA,

    Plaintiff,

v.

JBI, INC., f/k/a 310 HOLDINGS, INC., a Nevada corporation; JOHN BORDYNUIK, an individual; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,

    Defendants.

**PROPOSED JOINT DISCOVERY PLAN AND CONFERENCE REPORT**

Pursuant to Local Rule 16.1(b)(2) and FRCP Rule 26(f)(3), Plaintiff Stephen Seneca ("Plaintiff") and Defendants JBI, Inc., f/k/a 310 Holdings, Inc., and John Bordynuik (together, "Defendants") hereby submit their Proposed Discovery Plan and Scheduling Order.

**I.     INFORMATION PURSUANT TO FED. R. CIV. P. 26(f)**

A. <u>Meeting.</u> Pursuant to Fed. R. Civ. P. Rule 26(f) and LR 16.1(b), the parties held their Fed. R. Civ. P. Rule 26(f) conference via telephone. Present were Rebecca A. Fuller, Esq., of Fuller Law Practice, PC, on behalf of Plaintiff, and Gregory M. Cesarano, Esq., and Avi R. Kaufman, Esq., of Carlton Fields, on behalf of Defendants.

B. Initial disclosures will be made by December 31, 2013.

C. <u>Subjects on which discovery may be needed:</u> All matters within the scope of Fed. R. Civ. P. 26(b).

D. Discovery plan and schedule: The parties agree that the discovery plan and schedule should be in accordance with Attachment "B" to this Court's Order Requiring Discovery and Scheduling Conference (D.E. 12).

E. <u>Should discovery be conducted in phases?</u> No.

F. <u>Issues regarding disclosure or discovery of electronically stored information form and forms in which it is produced:</u> None. The parties further agree that they will be guided by the provisions of Rule 26(b)(2)(B).

1

G. <u>Issues about claims of privilege or protection of trial preparation materials:</u> The parties further agree that they will be guided by the provisions of Rule 26(b)(5).

H. <u>Changes made in limitations on discovery:</u> None.

I. <u>Other orders under Rule 26(c) or Rule 16(b) and (c):</u> None.

## II.  INFORMATION PURSUANT TO LOCAL RULE 16.1(b)

A. <u>Likelihood of settlement:</u> The parties feel that settlement may be possible after the Court's determination of Defendants' pending Motion to Dismiss and the beginning of discovery.

B. <u>Likelihood of appearance of other parties:</u> Not likely.

C. <u>Proposed limits on time:</u> The parties propose that all limits on time be in accordance with the Standard Case Management Track, and Attachment "B" to this Court's Order Requiring Discovery and Scheduling Conference (D.E. 12).

D. <u>Proposals for the formulation and simplification of issues:</u> The parties have no proposals at this time.

E. <u>Necessity or desirability of amendments to pleadings:</u> The parties do not believe any amendments are necessary or desirable at this time; however, this may be affected by the pending motion to dismiss.

F. <u>Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:</u> The parties have not yet reached an agreement on the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, and the need for advance rulings from the Court on admissibility of evidence, but anticipate that they may be able to do so as discovery proceeds.

G. <u>Suggestions for the avoidance of unnecessary proof and cumulative evidence:</u> The parties have not yet reached an agreement on the avoidance of unnecessary proof and cumulative evidence, but anticipate that they may be able to do so as discovery proceeds.

2

H. <u>Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions:</u> Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

I. <u>Date certain for pretrial conference:</u> _____

J. <u>Date certain for trial:</u> _____

## III. SIGNATURES PURSUANT TO RULE 26-1(d)

This report is signed in accordance with Rule 26(g)(1) of the Federal Rules of Civil Procedure. Each signature constitutes a certification that to the best of the signer's knowledge, information and belief, formed after reasonable inquiry, the disclosures made by the signer are complete and correct as of this time.

Dated: December 9, 2013

/s/
Rebecca A. Fuller, Esq.
Attorney for the Plaintiff (pro hac vice)
Nevada Bar No. 9809
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266
E-mail: rfuller@fullerlawpractice.com

Michael Heidt, Esq.
Florida Bar No. 435414
Law Office of Gable & Heidt
Attorneys for the Plaintiff
4000 Hollywood Blvd., Suite 735 South
Hollywood, Florida 33021
Tel: (954) 966-2501
Fax: (954) 964-2294
Email: mheidt@aol.com


/s/
Gregory M. Cesarano, Esq.
Attorney for Defendants
CARLTON FIELDS, P.A.
100 SE Second Street, Suite 4200
Miami Tower

3

Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

IT IS SO ORDERED.

Dated: _____

_____
HON. ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE