UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61809-CIV-ROSENBAUM/HUNT

STEPHEN SENECA,

    Plaintiff,

v.

JBI, INC., and JOHN BORDYNUIK,

    Defendants.

_____/

## SCHEDULING ORDER AND ORDER OF REFERRAL TO MEDIATION

THIS MATTER is set for trial during the two-week trial period beginning on **Monday, December 29, 2014.** Calendar call will be held at 1:00 p.m. on **Friday, December 26, 2014**, at the United States Federal Building and Courthouse, 299 E. Broward Boulevard, Courtroom 310-B, Fort Lauderdale, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties shall comply with the following schedule:

| | |
|---|---|
| January 16, 2014 | Deadline to join additional parties or to amend pleadings |
| February 10, 2014 | Deadline to file Notice indicating whether parties have agreed on a mediator |
| March 12, 2014 | Deadline to file Joint Interim Status Report |
| June 10, 2014 | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which shall be issued with the Scheduling Order) |

| | |
|---|---|
| August 19, 2014 | Deadline to complete all fact discovery<br><br>Deadline to submit Joint Notice Indicating Whether The Parties Consent To Jurisdiction Before The Designated Magistrate Judge For Purposes Of Final Disposition<br><br>Deadline to disclose the identity of expert witnesses, and to exchange expert witness summaries/reports pursuant to Rule 26(a)(2), Fed. R. Civ. P. Rebuttal disclosures are permitted, and shall conform to the deadline set forth in Rule 26(a)(2)(D)(ii), Fed. R. Civ. P. |
| September 3, 2014 | Deadline for the filing of all dispositive motions |
| September 8, 2014 | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order) |
| October 20, 2014 | Deadline to complete all expert discovery |
| October 27, 2014 | Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions. Each party is limited to filing one *motion in limine*. If all evidentiary issues cannot be addressed in a 20-page memorandum, a motion for leave to exceed the page limit must be filed by the party seeking such relief. |
| December 19, 2014 | Deadline to file Joint Pretrial Stipulation pursuant to Local Rule 16.1(e), S.D. Fla. and pretrial disclosures pursuant to Rule 26(a)(3), Fed. R. Civ. P.<br><br>Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k), S.D. Fla. |

2. <u>Interim Joint Status Report</u>. The parties are required to submit an interim joint status report addressing the following issues:

a) Have all defendants been served? If not, state the reasons.
b) Have all defendants responded to the complaint? If not, state the reasons.
c) If this is a class action, has a motion for class certification been filed? If so, what is its status?
d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place,

       date, and time for mediation?

e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

3. <u>Jury Instructions</u>. The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where the parties do agree on a proposed instruction, that instruction shall be set out in regular typeface. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be bold-faced. Every instruction must be supported by a citation of authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties shall jointly file their proposed jury instructions via CM/ECF, and shall also submit their proposed jury instructions to the Court via e-mail at rosenbaum@flsd.uscourts.gov in WordPerfect or Word format. Instructions for filing proposed documents appear at http://www.flsd.uscourts.gov.

4. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits shall be marked numerically with the letter "P" as a prefix. Defendant's exhibits shall be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

5. <u>Deposition Designations</u>.  Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing.  The designations must be served on opposing counsel and filed with the Court fourteen days before the deadline to file the joint pretrial stipulation.  The adverse party must serve and file any objections and any cross-designations within seven days.  The initial party shall then have seven days to serve and file objections to the cross-designations.  Within seven days of receiving cross-objections, the parties shall provide to the Court annotated copies of the relevant depositions.  The annotated copies shall show to which lines each party objects and identify the legal basis for those objections in the margins of the deposition.  An example annotated deposition is attached as "Exhibit 1."

6. <u>Voir Dire Questions</u>.  Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel.  If counsel wish for the Court to ask questions during *voir dire* in addition to the Court's standard questions, counsel shall file their proposed questions at least **two business days prior to Calendar Call**.

7. <u>Settlement Notification</u>.  If this matter is settled, counsel are directed to inform the Court promptly via telephone (954-769-5670) and/or e-mail (rosenbaum@flsd.uscourts.gov).  The parties shall also submit an appropriate stipulated Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1).  Such an Order must be filed within ten (10) days of notification to the Court.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of December 2013.

                                      ROBIN S. ROSENBAUM
                                      UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record

[*Order of Referral to Mediation on following page*]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-61809-CIV-ROSENBAUM/HUNT**

STEPHEN SENECA,

    Plaintiff,

v.

JBI, INC., and JOHN BORDYNUIK,

    Defendants.

_____/

**ORDER OF REFERRAL TO MEDIATION**

    Trial having been set in this matter, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is **ORDERED AND ADJUDGED** as follows:

    1. All parties are required to participate in mediation. The mediation shall be completed no later than the deadline set out in the Court's Scheduling Order.

    2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference.

    3. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties shall agree upon a mediator within **sixty days** from the date of this Order. If there is no agreement, lead counsel shall promptly notify the Clerk of the Court in writing and the Clerk of the Court shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

4. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established no later than the deadline in the Scheduling Order. The lead attorney shall complete the form order attached and submit it to the Court (Attachment "A"). **The parties must agree on a place, date, and time for mediation and the lead attorney shall submit the proposed order scheduling mediation no later than the deadline set forth in the Scheduling Order.**

5. Pursuant to Local Rule 16.2(e), the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

6. All proceedings of the mediation shall be confidential and privileged.

7. At least **fourteen days** prior to the mediation date, each party shall present to the mediator a confidential brief written summary of the case identifying issues to be resolved. The mediator is authorized to grant extensions of time up to the mediation for the parties to file their mediation statements.

8. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements in this Order, or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

9. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the

parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within forty-five days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours of mediation.

10. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement signed by counsel of record within **fourteen days** of the mediation conference. Thereafter the parties shall promptly submit an appropriate pleading concluding the case.

11. Within **seven days** following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was adjourned, or whether the mediator declared an impasse.

12. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of December 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record

**Attachment "A" to the Order Of Referral To Mediation:
Form Order Scheduling Mediation
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. XX-XXXXX-CIV-ROSENBAUM**

XXX,

    Plaintiff,

vs.

XXX,

    Defendant.
_____/

**ORDER SCHEDULING MEDIATION**

The mediation conference in this matter shall be held with _____ on _____, 20___, at ___ (am/pm) at _____ _____, Florida. This date has been agreed to by the mediator and the parties and shall not be rescheduled without leave of the Court.

**DONE and ORDERED** in Fort Lauderdale, Florida, this ___ day of ___ 2013.

                                                                    _____
                                                                    ROBIN S. ROSENBAUM
                                                                    UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Patrick M. Hunt
Counsel of record

## Exhibit 1 — Example Annotated Deposition

5

1  A. Uh-huh.
2  Q. When answering a question please
3  always answer verbally. No "uh-uh" or "uh-huh,"
4  because the court reporter can't really take that
5  down.
6  A. Uh-huh.
7  Q. No nodding or shaking your head.
8  A. Okay.
9  Q. If you don't understand any of my
10 questions, please, just let me know, and I'll do my
11 best to rephrase, but if you go ahead and answer my
12 question, I'm going to assume that you understood
13 what I asked.
14       As ▓▓▓▓▓▓ was saying, please try
15 and let me finish my question before you start
16 answering.
17 A. Okay.
18 Q. And I will do the same and try and let
19 you finish your answers before I start asking more
20 questions, just so we have a clear transcript.
21 A. Okay.
22 Q. From time to time, plaintiff's
23 attorney may make objections, but you still have to
24 go ahead and answer the questions.
25 A. Yes.

6

1  Q. If you need a break for whatever
2  reason, just let me know. We can take a break, you
3  know, and from time to time, I may ask you
4  questions that are of a sensitive nature or may be
5  a little bit uncomfortable. You know, I apologize
6  in advance, but it's the nature of the case with
7  litigation.
8  A. Yes, I understand completely.
9  Q. Okay. Do you have any questions
10 before we begin?
11 A. No, ma'am.
12 Q. Do you understand?
13 A. Yes.
14 Q. Okay. Perfect.
15     Have you ever been involved in a
16 lawsuit before?
17 A. No — yes. My late husband was killed   [Beginning after the word "yes" FRE 401; FRE 403]
18 in an accident at the Gator Bowl. He and another
19 man were up on the scaffolding, and the
20 scaffolding — 60 feet, and it collapsed, and they
21 were both killed, and that was back in 1961.
22 Q. Did you sue the City of Jacksonville?
23 A. Yes.
24 Q. And you were not deposed in that case?
25 A. It wasn't — it wasn't — it wasn't

7

1  the City of Jacksonville. It was UpRight, the
2  people that made the scaffolding. It was
3  defective.
4  Q. Okay.
5  A. But I didn't have to take it — do a
6  deposition because they settled out of court. I
7  just settled out of court.  [FRE 401; FRE 403]
8  Q. Okay. What is your understanding of   [FRE 802; FRE 401; FRE 403]
9  the reason that plaintiff filed this lawsuit that
10 we're here to talk about today?
11 A. My understanding is that she was —
12 well, in my — my — my thought is that she was
13 strip-searched in her room without her mother being
14 there. That is the part that I know about, and
15 also that — that she — they accused her of having
16 marijuana.
17 Q. Sure. When you say "they," who are
18 you referring to?
19 A. I think the — the guards on the ship,
20 whatever they're called, officers or guards.
21 That's — that's what I understand.
22 Q. What's your relationship to the
23 plaintiff?
24 A. She is my niece.
25 Q. And what's your relationship to her

8

1  mother Lisa?
2  A. She's my sister.
3  Q. Have you ever been arrested before?   [FRE 802; FRE 401; self bolstering]
4  A. No.
5  Q. Do you know if, excluding the incident
6  in the Bahamas, the plaintiff has ever been
7  arrested before?
8  A. No.
9  Q. Okay. Do you know if the plaintiff's   [Irrelevant (FRE 401); Prejudicial (FRE 403)]
10 mother has ever been arrested?
11 A. I think. Yes, domestic with her
12 ex-husband. I think she was arrested.
13 Q. Do you know how many times?
14 A. I know of one time, yeah.
15 Q. And when was that?
16 A. That has been, let's see, I'm gonna
17 say maybe four years ago. She and her husband, of
18 course, were since divorced, but I do remember
19 that.
20 Q. Do you know any details about the
21 incident that led to the arrest?
22 A. No, I do — I only remember they were
23 in a fight. They were at home, and I don't know
24 if — I don't — I really don't — really, I don't
25 know what happened exactly, yeah.