UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-RSR

STEPHEN SENECA,

    Plaintiff,
v.

JBI, INC., *et al.*,

    Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, JBI, Inc. ("JBI") and John Bordynuik ("Bordynuik"; JBI and Bordynuik are collectively referred to as "Defendants"), answer the Complaint as follows:

1. Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph and therefore deny them.

2. Admitted that JBI is a Nevada corporation and that JBI's stock is publicly traded; otherwise denied.

3. Admitted that Bordynuik is an individual residing in Ontario, Canada, and that, between September 2009 and August 2010, Bordynuik was JBI's President and Chief Executive Officer; otherwise denied.

4. Defendants are without knowledge sufficient to admit or deny the allegations in this paragraph and therefore deny them.

5. Admitted that Plaintiff so alleges; otherwise denied.

6. Admitted.

7. Denied.

8. Denied.

9. Admitted that on or about September 30, 2009, Plaintiff and Defendants entered into a Unit Purchase and Exchange Agreement, which is Exhibit 1 to the Complaint; denied as to Plaintiff's characterization of the terms of the Unit Purchase and Exchange Agreement.

10. Admitted.

11. Admitted.

12. Admitted that the stock certificates, which are Exhibit 2 to the Complaint, bore restrictive legends; denied as to Plaintiff's characterization of the terms of the restrictive legends.

13. Admitted.

14. Admitted that Pacific Stock Transfer Company served as a transfer agent for JBI; denied as to Plaintiff's characterization of Pacific Stock Transfer Company's duties as a transfer agent for JBI.

15. Denied.

16. Denied.

17. Denied.

18. Admitted.

19. Denied.

20. 17 CFR 249.210 and the SEC's forms speak for themselves; otherwise denied.

21. Rules 144(i)(2) and (3) speak for themselves; otherwise denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. SEC Release 8869 (2007) speaks for itself; otherwise denied.

28. Admitted.

29. Rules 144(i)(2) and (3) speak for themselves; otherwise denied.

30. Rule 12b-2 of the Exchange Act and Rule 144(i)(1) speak for themselves; otherwise denied.

31. Admitted.

32. Rule 144(i)(1) speaks for itself; otherwise denied.

33. Denied.

34. Rule 144(c)(1) speaks for itself; otherwise denied.

35. Rules 144(d)(1) and (3) speak for themselves; otherwise denied.

36. Rules 144(d)(1) and (3) speak for themselves; otherwise denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted that, on July 16, 2010, JBI filed a Form 10-Q for the quarterly period ending March 31, 2010; denied as to Plaintiff's characterization of the timing of the filing.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

54. Defendants reallege their prior responses to the paragraphs indicated.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants reallege their prior responses to the paragraphs indicated.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendants reallege their prior responses to the paragraphs indicated.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

88. Defendants reallege their prior responses to the paragraphs indicated.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Defendants reallege their prior responses to the paragraphs indicated.

99. Denied. *See supra*, ¶ 9.

100. Admitted.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Defendants reallege their prior responses to the paragraphs indicated.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the doctrine of laches.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff has failed to mitigate his damages.

4. Plaintiff has waived any right to assert his claims because, among other reasons, Plaintiff failed to obtain and deliver to JBI an opinion of counsel establishing that the requested transfer of shares was rightful.

5. Plaintiff is estopped from asserting his claims because, among other reasons, Plaintiff failed to obtain and deliver to JBI an opinion of counsel establishing that the requested transfer of shares was rightful.

6. To the extent Plaintiff sustained any damages, those damages were caused or contributed to by Plaintiff's failure to follow instructions, negligence, or wrongful conduct, including, but not limited to, Plaintiff's failure to obtain and deliver to JBI an opinion of counsel establishing that the requested transfer of shares was rightful.

7. To the extent Plaintiff sustained any damages, those damages were caused or contributed to by a third party's negligence or wrongful conduct.

8. To the extent Plaintiff sustained any damages, those damages were caused by superseding or intervening acts or events for which Defendants are not responsible or liable.

9. To the extent Plaintiff sustained any damages, those damages were caused by risks of which Plaintiff had knowledge, information, and an understanding and that Plaintiff voluntarily assumed.

10. To the extent Plaintiff sustained any damages, those damages were caused by risks of which Plaintiff had knowledge, information, and an understanding and that Plaintiff consented to.

11. Plaintiff is not entitled to punitive damages because Nevada's punitive damages statute is unconstitutional under the United States and the Nevada Constitutions as, among other reasons, it violates the guarantee of due process of law because it is too vague to give notice as to what acts give rise to such a claim.

12. Plaintiff has sustained no special injury or damages.

13. Plaintiff's claims are barred by the doctrine of unclean hands, because, among other reasons, Plaintiff made false and disparaging statements regarding Defendants to JBI's customers, vendors, suppliers, and shareholders with an intent to cause Defendants harm.

14. Plaintiff's claims are barred due to Plaintiff's fraud, including, but not limited to, misrepresenting the enforceability of certain patents to induce Defendants to enter into the Unit Purchase and Exchange Agreement.

15. Defendants are not vicariously liable for the acts of any purported agent, including, but not limited to, any attorney that issued an opinion regarding whether Plaintiff's requested transfer of shares was rightful.

16. Plaintiff's claims are barred by the *in pari delicto* doctrine as a result of Plaintiff's fraud and unclean hands.

17. Plaintiff's breach of fiduciary duty and negligence claims against Bordynuik as an officer of JBI are barred by Nev. Stat. § 78.138 because Bordynuik owed no duty to Seneca to have issued an opinion of counsel satisfactory to Seneca or to register transfer of Seneca's shares in the absence of an opinion counsel requiring such.

18.     Plaintiff's breach of fiduciary duty and negligence claims against Bordynuik as an officer of JBI are barred by Nev. Stat. § 78.138, because Bordynuik did not knowingly make a misrepresentation of fact regarding the date on which Seneca would be entitled to have his shares registered.

19.     As a result of Plaintiff's fraud and unclean hands, Plaintiff's breach of contract claim is barred for failure of consideration.

20.     Plaintiff's breach of contract claim is barred by the doctrine of impossibility of performance.

21.     Plaintiff's breach of contract claim is barred by the doctrine of frustration of purpose.

22.     Plaintiff's breach of contract claim is barred by the doctrine of unconscionability.

23.     To the extent Plaintiff sustained any damages, Defendants are entitled to a deduction from the amount of Plaintiff's damages as a result of, among other things, Plaintiff's fraud and unclean hands.

24.     Plaintiff's claims are barred because Plaintiff has failed to join an indispensible party.

25.     Plaintiff's claims are barred because Defendants' acts were privileged or justified.

Respectfully submitted,

*s/      Gregory M. Cesarano*
Gregory M. Cesarano (217761)
E-mail: gcesarano@cfjblaw.com
Avi R. Kaufman (84382)
E-mail: akaufman@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone:    (305) 530-0050
Facsimile:     (305) 530-0055

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, by electronically filing it with the Clerk of the Court using CM/ECF on May 28, 2014, on all counsel or parties of record on the Service List below.

<u>s/    Gregory M. Cesarano</u>

## SERVICE LIST

Michael D. Heidt, Esq.
E-mail: mheidt@aol.com
Law Office of Gable and Heidt
4000 Hollywood Boulevard
Suite 735 South
Hollywood, Florida 33021
Tel: 954-966-2501
Fax: 954-964-2294

*Attorneys for Plaintiff*
*(via electronic filing)*

Rebecca A. Fuller, Esq.
E-mail: rfuller@fullerlawpractice.com
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266

*Attorneys for Plaintiff*
*(via electronic filing)*