UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-ROSENBERG/BRANNON

STEPHEN SENECA,

      Plaintiff,

v.

JBI, INC., *et al.*,

      Defendants.

_____/

## JBI, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND NOTICE TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

Defendant JBI, Inc. responds to Plaintiff Stephen Seneca's motion to compel responses to request for production and interrogatories and notice to deem admitted requests for admissions [D.E. 33]. Because JBI received Plaintiff's written discovery on July 30, 2014 and responded within 30 days, JBI requests, pursuant to Fed. R. Civ. P. 36(b), that the Court relieve JBI from the effect of any automatic admissions and deem JBI's responses to Plaintiff's requests for admissions timely served, and that the Court otherwise deny Plaintiff's motion.

### Introduction

Plaintiff's entire motion is based on a false premise—i.e., that Plaintiff properly served and JBI actually received Plaintiff's request for admissions, request for production, and interrogatories on June 26, 2014. In reality, however, JBI never received Plaintiff's discovery requests by fax or mail (as the certificate of service suggests they were served) and had no notice whatsoever that Plaintiff had issued discovery until its counsel received the discovery requests from Plaintiff's counsel by email on July 30, 2014 at 8:11 pm. *See* July 30, 2014 email from Plaintiff's counsel to JBI's counsel transmitting discovery requests [D.E. 33-5]. And, within 30 days of receiving Plaintiff's discovery requests, JBI served written responses. Copies of JBI's

discovery responses are attached, without exhibits, as Composite Exhibit 1.  Based on these facts alone, it would be inequitable for the Court to sanction JBI by deeming admitted Plaintiff's defective requests for admissions or awarding Plaintiff any expenses incurred in connection with this motion.

Additionally, however, as explained in JBI's responses to Plaintiff's fifth interrogatory, Plaintiff's requests for admissions are defective and, if deemed admitted, would bind the parties to "facts" that are wrong (and ultimately nonsensical).  Plaintiff, therefore, is not entitled to any relief, and, to the extent necessary, the Court should relieve JBI from the effect of any automatic admissions and deem JBI's responses to Plaintiff's requests for admissions timely served.

## Background Facts

Notwithstanding Plaintiff's counsel's insinuation to the contrary, JBI did not receive Plaintiff's written discovery requests until Plaintiff's counsel transmitted them by email on July 30, 2014 at 8:11 pm.  *See* JBI's counsel's declaration, dated August 28, 2014, attached as Exhibit 2.   In fact, before responding to Plaintiff's counsel's July 30, 2014 email, JBI's counsel reviewed every fax received by Carlton Fields Jorden Burt, P.A.'s Miami office on June 26, 2014, confirming that no fax was received on June 26, 2014 from or on behalf of Plaintiff's counsel.  JBI's counsel also confirmed that between June 26, 2014 and July 30, 2014 Plaintiff's Carlton Fields Jorden Burt, P.A.'s Miami office did not receive Plaintiff's written discovery requests by U.S. mail.

On July 31, 2014, JBI's counsel responded to Plaintiff's counsel's email transmitting the discovery requests, explaining that they had not previously been received and requesting 30 days from the date of email service to respond.  A copy of JBI's counsel's July 31, 2014 letter is attached as Exhibit 3.  In response, Plaintiff's counsel refused to provide JBI the time to respond it is entitled to under the Federal Rules of Civil Procedure, conditioning an agreement as to a

purported "additional 30 days to respond" on the scheduling of mediation in mid-September (as opposed to any other date).  A copy of Plaintiff's counsel's August 5, 2014 email response is attached as Exhibit 4.

After, in effect, attempting to blackmail JBI, on August 13, 2014, Plaintiff filed the instant motion.  More importantly, however, within 30 days of email service on July 30, 2014, on August 27, 2014, JBI served its responses to Plaintiff's requests for admissions, requests for production, and interrogatories.  The Court, therefore, should deny Plaintiff's motion and, if necessary, relieve JBI from the effect of the automatic admissions.

## Memorandum of Law

### I.      The Court Should Deny Plaintiff's Ill-Founded Motion

Plaintiff should not benefit from the operation of Fed. R. Civ. P. 36(a)(3), which penalizes a party for failing to respond to a properly served request for admissions, simply because JBI did not receive Plaintiff's discovery requests until more than 30 days after they were purportedly served by fax and mail.  For the same reason, Plaintiff should also not be entitled to recover any expenses associated with his motion to compel.

Although the parties agreed in writing to e-mail service (*see* Proposed Joint Discovery Plan and Conference Report [D.E. 17] at II.H), the parties have not agreed to, and the Federal Rules of Civil Procedure do not provide for, service by fax.  Fed. R. Civ. P. 5(b)(2).  Therefore, to the extent Plaintiff's motion makes no mention of, and appears to concede, that service was not effected by mail on June 26, 2014, as a matter of law, Plaintiff's discovery requests were not served until July 30, 2014 and JBI's responses were timely.  *See Family Dollar Stores, Inc. v. United Fabric Int'l, Inc.*, 896 F. Supp. 2d 223, 227-28 (S.D.N.Y. 2012) (granting motion to withdraw admissions and finding: "[I]t is undisputed that the FD Defendants did not consent *in writing* to accept service by electronic means.  Thus, service was void, and no response was

3

necessary."). Plaintiff's improper service of the discovery requests therefore is an independent and sufficient basis for denying Plaintiff's requests for relief.

### A. JBI is entitled to relief from the automatic admissions under Rule 36(b)

Under Fed. R. Civ. P. 36(a)(3), "A matter [in a request for admissions] is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." However, under Fed. R. Civ. P. 36(b), "the court may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *See also Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (identifying two-part test).

"The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions." *Id*. at 1578 (citing *Brook Village N. Ass'n v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). More specifically, if a party has "ample time to obtain discovery as to the matters raised by" a request for admissions, that party is not prejudiced if the court grants relief under Fed. R. Civ. P. 36(b). *Harden v. Target Corp.*, 2009 WL 1456349, at *2 (S.D. Fla. May 22, 2009).

In *Smith*, the defendant failed to timely respond to the plaintiff's requests for admissions, and "by operation of law, admitted all matters alleged …." *Id*. at 1577. The defendant then moved to reopen discovery and respond to the plaintiff's request for admissions, maintaining that the failure to respond was inadvertent. *Id*. Applying Fed. R. Civ. P. 36(b)'s two-part test, the

district court granted relief from the automatic admissions, finding that "It would be manifestly unfair and grossly unjust to permit the plaintiff to obtain a judgment of the magnitude she is seeking due to the inadvertence of the defendant which is at most excusable neglect." *Id.*

Not surprisingly, the Eleventh Circuit affirmed the district court's decision, holding that the defendant's inadvertence and the absence of prejudice to the plaintiff warranted relief from the automatic admissions under Fed. R. Civ. P. 36(b). *Id.* at 1578; *accord McDowell v. Greener Image, Inc.*, 2007 WL 842769, at *1 (S.D. Fla. March 16, 2007) ("[T]he failure to respond … appears to have been inadvertent, at most excusable neglect ….  The Court therefore finds that allowing Defendant to amend its admission to respond to these issues will subserve the presentation of the merits of this action."); *cf. Burger v. Hartley*, 896 F. Supp. 2d 1157, 1166-67 (S.D. Fla. 2012) (finding defendant not entitled to relief under Fed. R. Civ. P. 36(b), because defendant actually received the request for admissions and "affirmatively chose not to respond").

Like the defendant in *Smith*, and unlike the defendant in *Burger*, JBI did not "affirmatively choose" not to respond to Plaintiff's request for admissions.  To the contrary, JBI did not have notice of Plaintiff's request for admissions or other discovery.  Notwithstanding, once JBI did receive the discovery requests, it responded within 30 days.

As is clear from JBI's response to the request for admissions and the corresponding fifth interrogatory, the "facts" Plaintiff seeks to have admitted are plainly wrong, and therefore allowing JBI's August 27, 2014 denials to stand will promote a resolution of this matter on the actual merits.  And, because more than two months remain until the discovery cutoff in this case, and more than five months until trial, Plaintiff has "ample time" to obtain discovery regarding the issues raised in the request for admissions.  Therefore, to the extent necessary, the Court should grant JBI relief from the automatic admissions and deem JBI's August 27, 2014 response timely served.

**B. Plaintiff should not be entitled to recover his expenses for this motion**

"Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993). Sanctions, however, are improper in the absence of bad faith on the part of the party against which a motion to compel is filed. *See Adkins v. Christie*, 491 F. App'x 996, 997-98 (11th Cir. 2012).

JBI's alleged failure to timely respond was not a result of bad faith; it was the result of JBI not receiving the discovery requests on June 26, 2014 (or worse, Plaintiff failing to transmit them as he has represented). Once JBI received the discovery requests, it immediately began preparing responses, and, in fact, responded within the 30 days it was entitled to. It therefore would be inequitable to award Plaintiff monetary sanctions based on these circumstances.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion to compel and deem timely served JBI's August 27, 2014 responses to Plaintiff's requests for admissions.

Dated: August 28, 2014

*s/ Gregory M. Cesarano*
Gregory M. Cesarano (217761)
E-mail: gcesarano@carltonfields.com
Avi R. Kaufman (84382)
E-mail: akaufman@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami Tower
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, by electronically filing it with the Clerk of the Court using CM/ECF on August 28, 2014, on all counsel or parties of record on the Service List below.

s/        *Gregory M. Cesarano*

## SERVICE LIST

| | |
|---|---|
| Michael D. Heidt, Esq. | Rebecca A. Fuller, Esq. |
| E-mail: mheidt@aol.com | E-mail: rfuller@fullerlawpractice.com |
| Law Office of Gable and Heidt | Fuller Law Practice, PC |
| 4000 Hollywood Boulevard | 500 North Rainbow Boulevard |
| Suite 735 South | Suite 300 |
| Hollywood, Florida 33021 | Las Vegas, Nevada 89107 |
| Tel: 954-966-2501 | Tel: 702-553-3266 |
| Fax: 954-964-2294 | |
| | *Attorneys for Plaintiff* |
| *Attorneys for Plaintiff* | *(via electronic filing)* |
| *(via electronic filing)* | |