UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-RSR

STEPHEN SENECA,

      Plaintiff,

v.

JBI, INC., *et al.*,

      Defendants.

_____/

**DEFENDANT, JBI, INC.'S, NOTICE OF SERVICE OF
ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES**

      Defendant, JBI, INC., hereby gives notice of serving Answers to Interrogatories on

August 27, 2014, via email to all counsel listed below.

<div style="margin-left:40%">

*s/     Gregory M. Cesarano*
Gregory M. Cesarano (217761)
E-mail: gcesarano@cfjblaw.com
Avi R. Kaufman (84382)
E-mail: akaufman@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055

*Attorneys for Defendants*

</div>

**SERVICE LIST**

Michael D. Heidt, Esq.
E-mail: mheidt@aol.com
Law Office of Gable and Heidt
4000 Hollywood Boulevard
Suite 735 South
Hollywood, Florida 33021
Tel: 954-966-2501
Fax: 954-964-2294

*Attorneys for Plaintiff*

Rebecca A. Fuller, Esq.
E-mail: rfuller@fullerlawpractice.com
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266

*Attorneys for Plaintiff*

**EXHIBIT 1**

<u>**ANSWERS TO INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1**</u>

Please identify each and every person who provided information and/or assistance in the preparation of Answers to these Interrogatories and/or JBI's responses to Plaintiff's Requests for Admissions and Requests for Production of Documents.

<u>**RESPONSE**</u>:

JBI, Inc. objects to this Interrogatory insofar as it seeks personal information relating to the persons identified.  Subject to said objection, JBI, Inc. responds as follows:

John Bordynuik
Chief of Technology
c/o Plastic2Oil, Inc.
20 Iroquois St.
Niagara Falls, NY 14303

Rachel Michalek
c/o Plastic2Oil, Inc.
20 Iroquois St.
Niagara Falls, NY 14303

Steven W. Bacon, Esq.
General Counsel
c/o Plastic2Oil, Inc.
20 Iroquois St.
Niagara Falls, NY 14303

Avi Kaufman, Esq.
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113

<u>**INTERROGATORY NO. 2**</u>

Please identify each and every person who has knowledge or information relating to the facts or issues set forth in, or framed by, the pleadings in this lawsuit and provide a summary of the knowledge or information held by such persons.

<u>**RESPONSE**</u>:

JBI objects to this Interrogatory on each and all of the following grounds:

1. It is vague, ambiguous and unintelligible in its use of the phrase "knowledge or information relating to the facts or issues set forth in, or framed by, the pleadings in this lawsuit";

2. It is susceptible of interpretations that arguably call for the disclosure of information protected from disclosure by the attorney-client privilege and the attorney work product doctrine;

3. It is overbroad, unduly burdensome, and oppressive and not reasonably calculated to lead to the discovery of admissible evidence, because, for example, it requires JBI to identify "each and every person" that knows JBI is a Nevada corporation (*see* Complaint ¶ 2) or that John Bordynuik was JBI's President and CEO (*see* Complaint ¶ 3); and

4. It is dozens, if not hundreds, of interrogatories masquerading as one interrogatory, and thus violates Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3**

Please identify every person who provided guidance, information, or assistance to JBI regarding the preparation and filing of JBI's Form 10-Qs for each quarter ending March 31, 2009, through March 31, 2010, and specify the nature of the guidance, information, or assistance provided by each such person on each such report.

**RESPONSE**:

> John Bordynuik
> (Previously identified)

John Bordynuik provided guidance, information, or assistance with respect to all aspects of these 10-Qs, and the 10-K for the year ending December 31, 2009.

> Gregg Jaclin, Esq.
> Szaferman Lakind
> 101 Grovers Mill Road, Suite 200
> Lawrenceville, NJ 08648

Mr. Jaclin provided guidance, information, or assistance with respect to legal aspects of these 10-Qs and the 10-K for the year ending December 31, 2009.

***_For the quarters ending September 30, 2009 through March 31, 2010, and the 10-K for the year ending December 31, 2009, JBI believes that the following additional persons provided information, assistance or guidance; the nature of the information probably provided is stated below the identifying information:_***

1. **Ronald C.Baldwin**
   **[Address unknown]**

Mr. Baldwin, with respect to financial aspects.

2. **Michael Kaplanis**
   **288 Belleview Blvd.**
   **Clearwater, FL 33756**
   **[Last known address]**

Mr. Kaplanis, with respect to all aspects.

3. **Geoffrey C. Weber**
   **c/o Bayshore Broadway, Inc.**
   **221 Turner Street**
   **Clearwater, FL 32765**
   **[Last known address]**

Mr. Weber, with respect to all aspects.

4. **James P. Gately**
   **Gately & Associates, LLC**
   **3551 W. Lake Mary Blvd., Ste. 209**
   **Lake Mary, FL**
   **[Last known address]**

Mr. Gately, with respect to the financial aspects.

5. **David Crowder**
   **c/o DC & Associates, P.A.**
   **820 Lake Kathyrn Circle**
   **Casselberry, FL**
   **[Last known address]**

Mr. Crowder, with respect to the financial aspects.

6. **John Mortenson**
   **WithumSmith+Brown**



**1 Spring Street**
**New Brunswick, NJ**

Mr. Mortenson, with respect to the financial aspects.

## INTERROGATORY NO. 4

Please describe in detail all facts and circumstances leading to, and resulting in, the unreliability or inaccuracy of JBI's financial statements from January 1, 2009, through December 31, 2010, including the reasons therefore, and any measures taken to correct such statements.

## RESPONSE:

Attached as Exhibit A hereto is a copy of JBI's 8-K filed May 21, 2010, advising of the unreliability of JBI's financial statements for the quarter ending September 30, 2009, and for the year ending December 31, 2009, including the reasons therefor. These financial statements were part of the 10-Q and 10-K filed by JBI on for the third quarter of 2009 and the full year 2009, respectively, and this 8-K advises of the resulting unreliability of those filings.

Attached as Exhibits B and C hereto are copies of JBI's 10-K/A filed July 9, 2010 and its 10-K/A, filed December 16, 2010, each with a restated financial statement for the year ending December 31, 2009. The specifics of the unreliability of the original financial statement for this the year is clear from a comparison of the original with these amendments and their restated financial statements.

Attached as Exhibit D hereto is a copy of JBI's 10-Q/A filed November 17, 2010, with a restated financial statement for the quarter ending September 30, 2009. The specifics of the unreliability of the original financial statement for this quarter is clear from a comparison of the original with this restated financial statement.

**INTERROGATORY NO. 5**

If JBI denied or qualified any of the facts set forth in the individual requests contained within Plaintiff's Requests for Admissions, please: a) set forth in detail all facts forming the basis for each of the denials or qualifications; b) identify the person or persons with the most knowledge of the facts forming the basis for each of the denials or qualifications; and c) identify any and all documents supporting or otherwise relating to each of the denials or qualifications.

**RESPONSE**:

### Denial of RFA No. 1

Exhibit 2 to the Complaint is not a 10-Q.  This is obvious upon an examination of the document itself.

### Denial of RFA No. 2

Exhibit 2 to the Complaint is not a 10-Q.  This is obvious upon an examination of the document itself.

### Denial of RFA No. 3

Attached as Exhibit E hereto is a copy of Defendant's 10-K for the year ending December 31, 2008, filed on or about March 31, 2009, and it identifies JBI as a "shell company." This is obvious from an examination of the first page of the document.

### Denial of RFA No. 4

Attached as Exhibit E hereto is a copy of Defendant's 10-K for the year ending December 31, 2008, filed on or about March 31, 2009, and it identifies JBI as a "shell company." This is obvious from an examination of the first page of the document.

### Denial of RFA No. 5

"Form 10-Q," as that term is defined in these Requests for Admissions, is not a 10-Q. This is obvious upon an examination of the document itself. Further, the Company did not have a 10-Q "due on 3/31/10."

<u>**Denial of RFA No. 6**</u>

"Form 10-Q," as defined in these Requests for Admissions is not a 10-Q. This is obvious upon an examination of the document itself. Further, the Company did not have a 10-Q "due on 3/31/10."

## INTERROGATORY NO. 6

If JBI stated that it lacked knowledge or information sufficient to admit or deny any of the facts set forth in Plaintiff's Requests for Admissions, please: a) provide a detailed description of the steps JBI took to perform the "reasonable inquiry" into the accuracy or inaccuracy of such facts as required by the Federal Rules of Civil Procedure; and b) identify each and every person who participated in this "reasonable inquiry" and the steps taken by each of them to assist JBI with the performance of the "reasonable inquiry."

<u>**RESPONSE**</u>:

Not Applicable.

## INTERROGATORY NO. 7

Please state and describe in detail the basis for JBI's failure to issue an opinion letter to allow removal of the restrictive legends on Plaintiff's shares of JBI stock.

<u>**RESPONSE**</u>:

JBI does not "issue" and never has issued an "opinion letter to allow removal of the restrictive legends" on any shares of JBI stock. Before a restrictive legend can be removed from restricted JBI stock, the owner of the stock must present an opinion letter of counsel for review



and approval by JBI's transfer agent.  It is JBI's understanding that Mr. Seneca never obtained the required opinion letter.  Certainly an opinion letter was never submitted to JBI or its transfer agent.

It is also JBI's understanding that Mr. Seneca sought advice from Gregg Jaclin of Anslow & Jaclin and was advised that, in Jaclin's opinion, the restrictive legend could be removed one year from June 26, 2009 (i.e., June 26, 2010).

The foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief.

JBI, INC.

By: _Rahul S Banerjee_
Name: _Rahul S Banerjea_
Title: _Chief Financial Officer_

STATE OF _New York_ )
                                            )SS
COUNTY OF _Niagara_ )

The foregoing instrument was acknowledged before me this _25th_ day of _August_, 2014, by _Rahul S Banerjea_, as _Chief Financial Officer_ of JBI, INC., ☒ who is personally known to me ~~or~~ and ☒ has produced _MA Drivers License_ as identification and who (did/did not) take an oath.

_Jennifer Weibert_, New York
NOTARY PUBLIC, State of

_Jennifer R. Weibert_
Print Name

Commission No. _____
My Commission Expires: _____

JENNIFER R WEIBERT
NOTARY PUBLIC, STATE OF NEW YORK
Niagara County
No. 01WE6298428
COMM. EXP. _3-10-18_



JENNIFER A MICHAEL
NOTARY PUBLIC, STATE OF NEW YORK
Nassau County
No. 01MI6093426
COMM. EXP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-RSR

STEPHEN SENECA,

      Plaintiff,

v.

JBI, INC., *et al.*,

      Defendants.

_____/

**DEFENDANT, JBI, INC.'S, RESPONSES TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

COMES NOW, DEFENDANT, JBI, INC., whose legal name is now Plastic2Oil, Inc. ("JBI"), by and through its undersigned attorneys, and responds to the Plaintiff, STEPHEN SENECA's Requests for Production, numbered one through thirteen and dated June 26, 2014, as follows:

**OBJECTION TO INSTRUCTIONS**

JBI objects to the Instructions in the Requests for Production, insofar as they purport to impose requirements upon JBI in excess of or different than the requirements of Rule 34 of the Federal Rules of Civil Procedure. The obligations of JBI in responding to the Requests for Production are established by Rule 34 and the case law decided thereunder, and not otherwise.

**REQUEST FOR PRODUCTION NO. 1**

Any and all insurance policies, including all declarations pages and endorsements thereto, that provide, or may provide, coverage for any of the causes of action set forth in Plaintiff's Complaint.

**RESPONSE**:

To the best of JBI's knowledge, there are no such documents.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents, including, but not limited to, drafts, notes, memorandums, correspondence, internal documents, and emails with any person or entity, relating or referring to JBI's failure to timely file with the SEC its Form 10-Q for the quarter ending March 31, 2010, and the results and consequences of such failure.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

**REQUEST FOR PRODUCTION NO. 3**

Any and all documents, including, but not limited to, internal documents, notes, memorandums, correspondence, emails, business plans, and operations manuals, relating to JBI's status as a shell company, as defined by Rule 12b-2 of the Exchange Act and/or Section (i)(1)(i) of SEC Rule 144 (17 C.F.R. § 230.144), as of April 1, 2009.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

2

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

## REQUEST FOR PRODUCTION NO. 4

Any and all documents constituting correspondence or communications, including, but not limited to, emails between JBI and Plaintiff, JBI and Pacific Stock Transfer, and JBI and any other third party, relating or referring to Plaintiff's requests and efforts to have the restrictive legends removed from his shares of JBI stock, as described in Plaintiff's Complaint.

## RESPONSE:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

## REQUEST FOR PRODUCTION NO. 5

Any and all internal documents of JBI, including, but not limited to, records, notes, memorandums, emails, and drafts, relating or referring to Plaintiff's requests and efforts to have the restrictive legends removed from his shares of JBI stock, as described in Plaintiff's Complaint.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents constituting opinion letters issued on behalf of JBI by its attorneys, agents, or otherwise, at any time from January 1, 2009, through December 31, 2010, relating or referring to the ability of any shareholders of JBI to have a restrictive legend removed from their shares in order for the shares to be freely sold or hypothecated.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI would note that opinion letters of the kind described in this Request are not "issued on behalf of JBI," and thus JBI does not currently believe that any such documents exist; however, JBI will continue to search its files and records to determine if responsive documents exist, and will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls,

New York on a date and at a time to be mutually agreed between the parties, within thirty (30)

days of the date of service of these Responses or such later date as Plaintiff may prefer.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents constituting lists or schedules of share transfers made by any of JBI's
shareholders at any time from January 1, 2009, through December 31, 2010.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are

protected from disclosure by the attorney-client privilege and/or the attorney work product

doctrine, and will not produce any such privileged documents.

JBI further objects to this Request on the grounds that it calls for the production of

documents that are not relevant to the subject matter of this lawsuit and are not designed to lead

to the discovery of admissible evidence, and thus it is intended as harassment.  In response to

Requests Nos. 4 and 5, *supra*, JBI has agreed to produce all non-privileged documents in its

possession, custody and control related to Plaintiff's purported "requests and efforts" in

connection with the restrictive legends on his shares.  Documents pertaining to other

shareholders are not relevant to that subject matter.

JBI further objects to this document on the grounds that it calls for the production of

documents that involve privacy rights of third parties that would be violated if the documents are

produced.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents constituting lists or schedules of investors who purchased stock in JBI's
Private Investment in Public Equity or "PIPE" offering that closed on or about December 29,
2009.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

JBI further objects to this Request on the grounds that it calls for the production of documents that are not relevant to the subject matter of this lawsuit and are not designed to lead to the discovery of admissible evidence, and thus it is intended as harassment.  In response to Requests Nos. 4 and 5, *supra*, JBI has agreed to produce all non-privileged documents in its possession, custody and control related to Plaintiff's purported "requests and efforts" in connection with the restrictive legends on his shares.  Documents pertaining to other shareholders are not relevant to that subject matter.

JBI further objects to this document on the grounds that it calls for the production of documents that involve privacy rights of third parties that would be violated if the documents are produced.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents, videos, or recordings, including, but not limited to, press releases, interviews, or statements, in which JBI or any representative of JBI, including, but not limited to, John Bordynuik, discusses the date or time in which JBI commenced its business operations.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in

6

Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents relating to Pacific Stock Transfer Company's service as JBI's transfer agent.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

JBI further objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, and that it calls for the production of documents that are not relevant to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence; thus, it is intended as harassment.  JBI is a public company, and Pacific Stock Transfer Company has been its transfer agent continuously since Mr. Bordynuik became involved with the entity.

JBI further objects to this Request on the grounds that it calls for the production of documents that involve privacy rights of third parties that would be violated if such documents are produced.

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents constituting communications and correspondence between JBI and Pacific Stock Transfer Company relating to or referring to any shareholder of JBI or the transfer of any JBI shares at any time from January 1, 2009, through December 31, 2010.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

JBI further objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, and that it calls for the production of documents that are not relevant to the subject matter of this lawsuit, and are not reasonably calculated to lead to the discovery of admissible evidence; thus, it is intended as harassment.  In response to Requests Nos. 4 and 5, *supra*, JBI has agreed to produce all non-privileged documents in its possession, custody and control related to Plaintiff's purported "requests and efforts" in connection with the restrictive legends on his shares.  Documents pertaining to other shareholders are not relevant to that subject matter.

JBI further objects to this Request on the grounds that it calls for the production of documents that involve privacy rights of third parties that would be violated if such documents are produced.

**REQUEST FOR PRODUCTION NO. 12**

Any and all documents, including, but not limited to, internal documents, records, notes, emails, and memorandums, relating to or referring to the decline in JBI's stock price at any time from March of 2010 through the present.

**RESPONSE**:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

JBI further objects to this Request on the grounds that it is overbroad, unduly burdensome, and oppressive, and that it calls for the production of documents that are not relevant to the subject matter of this lawsuit and that are not reasonably calculated to lead to the discovery of admissible evidence; thus, it is intended as harassment.

JBI further objects to this Request on the grounds that it is vague, ambiguous and unintelligible in its use of the phrase "relating to or referring to the decline in JBI's stock price." The phrase is susceptible of interpretations that would call for the production of literally every single document that the company possesses.

## REQUEST FOR PRODUCTION NO. 13

Any and all documents, including, but not limited to, internal documents, records, notes, emails, and memorandums, relating or referring to the unreliability or inaccuracy of JBI's financial statements from January 1, 2009, through December 31, 2010, and any actions or efforts undertaken by JBI to resolve, remedy, remediate, or cure such unreliability or inaccuracy.

## RESPONSE:

JBI objects to this Request insofar as it calls for the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, and will not produce any such privileged documents.

Subject to said objection, and without waiving same, JBI will produce any and all documents within its possession, custody or control that are responsive to this Request in Niagara Falls, New York on a date and at a time to be mutually agreed between the parties, within thirty (30) days of the date of service of these Responses or such later date as Plaintiff may prefer.

*s/        Gregory M. Cesarano*

Gregory M. Cesarano (217761)
E-mail: gcesarano@cfjblaw.com
Avi R. Kaufman (84382)
E-mail: akaufman@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on

August 27, 2014, on all counsel or parties of record on the Service List below.

*s/        Gregory M. Cesarano*

## SERVICE LIST

Michael D. Heidt, Esq.
E-mail: mheidt@aol.com
Law Office of Gable and Heidt
4000 Hollywood Boulevard
Suite 735 South
Hollywood, Florida 33021
Tel: 954-966-2501
Fax: 954-964-2294

*Attorneys for Plaintiff*

Rebecca A. Fuller, Esq.
E-mail: rfuller@fullerlawpractice.com
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266

*Attorneys for Plaintiff*

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-61809-RSR

STEPHEN SENECA,

      Plaintiff,

v.

JBI, INC., *et al.*,

      Defendants.

_____/

## DEFENDANT, JBI, INC.'S, RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW, DEFENDANT, JBI, INC., by and through its undersigned attorneys, and

responds to the Plaintiff, STEPHEN SENECA's Requests for Admissions, numbered one through

six and dated June 26, 2014, as follows:

**REQUEST FOR ADMISSION NO. 1**

Admit that the document attached to Plaintiff's Complaint as Exhibit 2 is a true and correct copy of the Form 10-Q that Defendant filed with the SEC for the quarter ending March 31, 2009 (hereinafter referred to as "Form 10-Q").

**RESPONSE**:

Deny

**REQUEST FOR ADMISSION NO. 2**

Admit that the representation made by Defendant on page 2 of the Form 10-Q that Defendant is not a shell company as defined by Rule 12b-2 of the Exchange Act was and is true and correct.

**RESPONSE**:

Deny

36304093.1

**REQUEST FOR ADMISSION NO. 3**

Admit that Defendant was not a shell company as defined by Rule 12b-2 of the Exchange Act as of at least April 1, 2009.

**RESPONSE**:


Deny


**REQUEST FOR ADMISSION NO. 4**

Admit that Defendant was not a shell company as defined by Section of SEC Rule 144 (17 C.F.R. § 230.144) as of at least April 1, 2009.

**RESPONSE**:


Deny


**REQUEST FOR ADMISSION NO. 5**

Admit that Defendant's failure to timely file its Form 10-Q due on 3/31/10 first caused the OTCBB exchange to publicly report JBI as delinquent in the filing by placing an "E" next to JBI's stock symbol and to later de-list JBI for filing to timely file the 3/31/10 Form 10-Q.

**RESPONSE**:


Deny


**REQUEST FOR ADMISSION NO. 6**

Admit that Defendant's failure to timely file its Form 10-Q due on 3/31/10 diminished the value of JBI's stock.

**RESPONSE**:


Deny

2

_s/_      _Gregory M. Cesarano_
Gregory M. Cesarano (217761)
E-mail: gcesarano@cfjblaw.com
Avi R. Kaufman (84382)
E-mail: akaufman@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055

_Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, email on August 27, 2014, on all counsel or parties of record on the Service List below.

_s/_      _Gregory M. Cesarano_

## SERVICE LIST

Michael D. Heidt, Esq.
E-mail: mheidt@aol.com
Law Office of Gable and Heidt
4000 Hollywood Boulevard
Suite 735 South
Hollywood, Florida 33021
Tel: 954-966-2501
Fax: 954-964-2294

_Attorneys for Plaintiff_

Rebecca A. Fuller, Esq.
E-mail: rfuller@fullerlawpractice.com
Fuller Law Practice, PC
500 North Rainbow Boulevard
Suite 300
Las Vegas, Nevada 89107
Tel: 702-553-3266

_Attorneys for Plaintiff_

3